1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIANYI CHANG,

                    Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
STATE, *et al*.,

                    Defendants.

Case No. C23-01918-RSM

ORDER GRANTING MOTION
TO DISMISS

## I.      INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss pursuant to FRCP 12(b)(6), Dkt. #7. The parties have filed opposition briefs, Dkts. #9 and #11. No party has requested oral argument. The Court finds that the bulk of this case rests on a dispositive issue of law, namely, whether or not Plaintiff has shown that Defendants have a non-discretionary duty that the consular officer failed to take pursuant to the Administrative Procedure Act ("APA"). For the reasons stated below, the Court GRANTS Defendants' Motion to Dismiss.

## II.      BACKGROUND

For purposes of this Motion, the Court will accept all facts stated in the Complaint, Dkt. #1, as true. Unless stated otherwise, the following facts are drawn from that pleading.

ORDER GRANTING MOTION TO DISMISS - 1

On May 6, 2023, Amazon.com, Inc. filed an L-1B nonimmigration visa application on behalf of Plaintiff Tianyi Chang, a Chinese citizen. An L-1B nonimmigration visa is typically filed by a corporation on behalf of an employee so that they can transfer to a United States parent, affiliate, or subsidiary company to perform assignments involving specialized knowledge. Upon approval of a Form I-129 petition by U.S. Citizenship and Immigration Services ("USCIS"), on May 16, 2023, a consular officer at the U.S. Embassy in Beijing, China, interviewed Ms. Chang, and ultimately refused her visa application under 8 U.S.C. § 1201(g). The consular officer made a determination that additional security vetting was necessary. Ms. Chang states that she has suffered tremendous hardship due to the consular refusal. Specifically, she alleges that her "individual personal growth" has been negatively affected, as well as "her team's ability to move forward on anticipated projects." Dkt. #9, at 8. Additionally, Ms. Chang stated that "she suffers from insomnia, dermatosis, and formed small nodes as a result of the stress." *Id*. For these reasons, Ms. Chang commenced this action on December 14, 2023, requesting this Court to compel Defendants, the U.S. Department of State and USCIS, to complete administrative processing within 60 days and "issue the [requested] visa," Dkt. #7, at 1, pursuant to the Mandamus Act and the APA. Defendants filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) on February 26, 2024.

### III. DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However,

the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

**B.  Analysis**

This Court has subject matter jurisdiction over Plaintiff's APA claim under 28 U.S.C. § 1331. Under the APA, a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is *required to take*." *Norton v. S. Utah Wilderness All*., 542 U.S. 55 (emphasis in original). "The central question in evaluating 'a claim of unreasonable delay' is 'whether the agency's delay is so egregious as to warrant mandamus." *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855, 382 U.S. App. D.C. 120 (D.C. Cir. 2008) (quoting *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70,79, 242 U.S. App. D.C. 222 (D.C. Cir. 1984)).

For determinations of whether agency delays are unreasonable under the APA, the Ninth Circuit has adopted the "*TRAC*" factors, a six-factor balancing test to decide whether "the agency's delay is so egregious as to warrant mandamus." *Telecomms. Rsch.*, 750 F.2d at 79-80; *see Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022). The factors are:

(1) the time agencies take to make decisions must be governed by a "rule of reason;"

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere or economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*Telecomms. Rsch.*, 750 F.2d at 80 (citations and quotations omitted).

The Mandamus Act, 28 U.S.C. § 1361, provides district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It is well-established that "[m]andamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

The thrust of Ms. Chang's argument is as follows: first, she alleges that USCIS has a non-discretionary duty, namely, issuing a final decision on her visa case, which the consular officer has failed to perform. Alternatively, Ms. Chang alleges that the seven-month period from the time she commenced this litigation is an unreasonable amount of time for the agency to readjudicate her visa application under the *TRAC* factors. Lastly, Ms. Chang alleges that she is entitled to equitable relief under the Due Process Clause of the Fifth Amendment, as her "right to fairness in administrative adjudication" has been violated.

Turning first to the APA claim and the issue of adjudication, the Court finds that USCIS already adjudicated Ms. Chang's L-1B nonimmigrant visa application when it was denied by the

consular officer on May 16, 2023, and that there is no mandatory, nondiscretionary duty to readjudicate it. *See Zhou v. Chertoff*, No. 08-cv-4523, 2009 WL 2246231, at *2 (N.D. Cal. July 24, 2009) (denying request for mandamus relief because the consular officer had denied the visa application under § 1201(g)). Ms. Chang is essentially arguing that USCIS failed to act on her visa application, but also admits that her visa application has been refused. These positions are mutually exclusive. Thus, Ms. Chang has failed to overcome this initial obstacle as she is unable to point to a nondiscretionary duty that the consular officer failed to perform regarding her visa application.

Further, even assuming that there was such nondiscretionary duty to readjudicate Ms. Chang's visa application, it would not be unreasonably delayed under the *TRAC* factors. At the outset, it is important to note that district court review of complained-of agency inaction is extremely narrow in scope. Additionally, under § 706(1) of the APA, a district court can only compel USCIS to take "a *discrete* agency action that it is *required* to take." *Norton v. S. Utah Wilderness Alliance* ("*SUWA*"), 542 U.S. 55, 64 (2004)). In this case, and in the visa context more generally, district courts have typically held that the first two *TRAC* factors favor the processes adopted by government agencies due to the "wide discretion in the area of immigration processing" that Congress has afforded agencies as well as the relatively short length of delay. *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-00397, 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) (citation omitted). In performing an analysis of the first *TRAC* factor, courts typically compare the length of delay at issue to prior cases. *Throw v. Mayorkas*, No. 3:22-cv-05699-DGE, 2023 WL 2787222, at *4 (W.D. Wash. Apr. 5, 2023) ("Absent a congressionally supplied yardstick, courts typically turn to case law as a guide."). Ms. Chang's unreasonable delay claim is premised on a delay of seven months. However, in the immigration context, it is commonplace for courts to hold that a delay of less than four years is not unreasonable. See *Yavari v. Pompeo*,

No. 2:19-cv-2524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) (immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable). Thus, the first TRAC factor favors Defendants. For the second *TRAC* factor, courts must consider whether Congress has provided a timetable within which it expects the agency to proceed. Here, there is no specific timeframe to which the USCIS or a consular officer must adhere. "To the contrary, Congress has given the agencies wide discretion in the area of immigration processing." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153-54 (noting that a two-year delay in processing an immigration visa "does not typically require judicial intervention"). Further, "[a]bsent a precise statutory timetable or other factors counseling expeditious action, an agency's control over the timetable…is entitled to considerable deference*." Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015). Thus, the second *TRAC* factor favors Defendants. The third and fifth *TRAC* factors focus on "the interests prejudiced by the delay," including how it impacts "human health and welfare." *TRAC*, 750 F.2d at 80. This court agrees with Defendants that Ms. Chang has not asserted any kind of harm or risk of harm that does not apply to every other applicant who is also dealing with the hardship of going through a visa application process. Ms. Chang's physiological symptoms of stress, while regrettable, are not unique. These *TRAC* factors also favor Defendants.

The fourth *TRAC* factor requires an assessment of the "effect of expediting delayed action on agency activities of a higher competing priority." *TRAC*, 750 F.2d at 80. Defendants argue that even if every other *TRAC* factor favored it, courts have consistently "refused to grant relief…where a 'judicial order putting [the petitioner] at the head of the queue [would] simply move [] all others back one space and produce no net gain.'" Dkt. #7, at 10 (citing *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (citation omitted). This court rejects the overgeneralization that Defendants appear to posit. Defendants

rely chiefly on a case dealing with pharmaceutical firms awaiting FDA approval, where there was no specific evidence of preferential treatment of one firm over another. Given such a scenario of apparent equal treatment from a federal agency, nothing in that case supports the notion that *TRAC* factor four could by itself overcome any other *TRAC* factor, let alone a combination of them. In the present case, Ms. Chang's allegations do not incline the first, second, third, or fifth *TRAC* factors in her favor, and this is the reason why the TRAC factors together would not warrant the requested relief, not because of the overly broad argument that Defendants put forth. Lastly, the sixth *TRAC* factor remains neutral, since Ms. Chang does not allege that Defendant's delay is caused by bad faith.

Regarding the due process violation claim, the Court agrees with Defendants that it is unclear whether Ms. Chang is alleging a violation of substantive or procedural due process. Insofar as she is alleging one of the two, she has failed to provide specific facts in support of her claim. A complaint must allege "more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "While a plaintiff need not give 'detailed factual allegations,' a plaintiff must plead sufficient facts that, if true, 'raise a right to relief above the speculative level.'" *Varol v. Radel*, 420 F. Supp. 3d 1089, 1094 (S.D. Cal. 2019) (quoting *Twombly*, 550 U.S. at 545). The Court further agrees with Defendants that Ms. Chang fails to state facts that present a constitutional violation. To state a violation of either substantive or procedural due process, a plaintiff must allege a deprivation of her life, liberty, or property by the government, and Ms. Chang simply does not. *See Kerry v. Din*, 576 U.S. 86, 90 (2015).

//

//

//

ORDER GRANTING MOTION TO DISMISS - 7

### IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss pursuant to FRCP 12(b)(6), Dkt. #7, is GRANTED. All of Plaintiff's claims are DISMISSED. This case is CLOSED.

DATED this 25th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 8